IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARIO RUCKER, #63902**                                                                                  **PETITIONER**

v.                                                                                          **CAUSE NO. 1:16-CV-53-LG-RHW**

**STATE OF MISSISSIPPI**                                                                              **RESPONDENT**

### MEMORANDUM OPINION AND ORDER
### DISMISSING PETITION

This matter is before the Court sua sponte. Petitioner Mario Rucker, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se Petition for Writ of Mandamus [2]. The named Respondent is the State of Mississippi. Upon review of the Petition in consideration of the applicable law, the Court determines that Rucker is not entitled to relief.

I.  BACKGROUND

Rucker is currently incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. He is serving a term of life imprisonment, as a habitual offender, for a conviction of aggravated assault rendered by the Hinds County Circuit Court. Rucker's direct appeal is pending before the Mississippi Court of Appeals. *Rucker v. State*, No. 2015-KA-00147-COA (Miss. Ct. App. filed Jan. 29, 2015).

Rucker claims that he is unlawfully convicted and imprisoned because he was not indicted for aggravated assault. Rucker states that he filed a petition for writ of habeas corpus in the Greene County Circuit Court on June 12, 2015, which the State of Mississippi responded to on June 18, 2015. Rucker argues that in their

response the State "conceded" that his criminal case is "void of an aggravated assault indictment" therefore, his incarceration for aggravated assault is unlawful. Pet. [2] at 4. He seeks an Order directing the Greene County Circuit Court to rule on his petition for writ of habeas corpus because "they've had ample enough time to deliberate on this unsophisticated legal matter." *Id*. In the alternative, Rucker asks this Court to grant his request for habeas corpus relief, set aside his conviction for aggravated assault, and order his immediate release from incarceration. *Id*.

II. DISCUSSION

    A.    Mandamus Relief

To the extent Rucker is asking this Court to direct a judge of the Greene County Circuit Court to rule on his petition for habeas corpus relief, he is seeking mandamus relief. A petitioner "seeking to have the federal court direct the state court to perform its duties as he wishes" is properly construed as a petition for writ of mandamus. *Rhodes v. Keller,* 77 F. App'x 261, 261 (5th Cir. 2003); *Moye v. Clerk, DeKalb Cty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that district court properly construed motion to direct state court activities as petition for writ of mandamus).

"[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 F. App'x 290, 290 (5th Cir. 2014) (citing *Moye*, 474 F.2d at 1276 ); *see also Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005) (mandamus relief is not available to federal courts to

direct state officials in the performance of their duties and functions).  Rucker is not entitled to mandamus relief in the form of an order directing a judge of the Greene County Circuit Court to issue a ruling on his habeas corpus petition.

B.   Habeas Corpus Relief

Although Rucker labels his pleading as a Petition for Writ of Mandamus, he also raises challenges to the validity of his conviction and seeks release from incarceration.  These claims are properly pursued in a petition for habeas corpus relief.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (Habeas corpus is the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking release from incarceration.).

Pursuant to the habeas corpus statute, 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008).  To satisfy the exhaustion requirement, the substance of the federal claim must have been fairly presented to the highest state court. *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004). Since Petitioner's direct appeal is currently pending before the Mississippi Court of Appeals, it is clear that he has not completed the exhaustion of his state remedies prior to seeking federal habeas relief.  Therefore, Rucker's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, is dismissed for failure to exhaust his available state remedies.  *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that pro se Petitioner Mario Rucker's Petition for Writ of Mandamus [2] is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that pro se Petitioner Mario Rucker's request for habeas corpus relief is **DISMISSED WITHOUT PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that pro se Petitioner Mario Rucker fails to meet the requirements for issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253; Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**SO ORDERED AND ADJUDGED** this the 17th day of March, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE